## Commonwealth *v.* Union Paving Co., Appellant.

*Contracts—State highway contracts—Arbitration clause—Act of March 30, 1811, P. L. 145.*

Argued January 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 6, May T., 1927, by defendant, from order of C. P. Dauphin Co., Commonwealth Docket 1925, No. 112, making absolute rule to show cause why appeal from settlement of auditor general and state treasurer should not be dismissed, in suit of Commonwealth v. Union Paving Co. Affirmed.

Rule to show cause why appeal from settlement of auditor general and state treasurer should not be dismissed. Before WICKERSHAM, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*W. B. Saul,* of *Saul, Ewing & Saul,* with him *Beidleman & Hull,* for appellant.

*James O. Campbell,* First Deputy Attorney General, with him *George W. Woodruff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SADLER, March 14, 1927:

The Union Paving Company entered into three contracts with the highway department for the construction of certain roads in Lebanon County. These agreements provided the work should be done under the supervision of an engineer, whose decision should be binding, though in case of dispute the matter might be submitted to the commissioner and attorney general, or his deputy, as arbitrators, whose decision should be conclusive. A demand was made upon the contractor that wooden runners be constructed during the course of the work so as to protect the bituminous surface while being laid. The builder protested against this requirement, and further claimed the highway department had failed to properly prepare the stone base. Compensation to the amount of $6,188.78 was asked for the additional outlay necessitated. This demand was refused, and the arbitrators to whom the case was submitted decided adversely to the claimant, to whom due notice of the decision was given.

Later, a claim was presented by the paving company to the auditor general and state treasurer, the right being claimed under the provisions of the Act of 1811 (April 30th, P. L. 145). Allowance was denied, and an appeal taken to the Court of Common Pleas of Dauphin County. This was later dismissed on motion, and from the order entered this appeal was taken.

The question here raised is as to the validity of the incorporation of arbitration clauses in road contracts,

which we have held proper in the appeal of the Eastern Paving Company in an opinion this day filed, and what is there said need not be repeated. The only difference in the two cases is that in the former the demand was not submitted to arbitrators, while in this it was, with the result that it was disallowed. If the arbitration clause was effective, then the decision of the arbitrators precluded further action by the appellant, and we so hold.

The order appealed from is affirmed at the cost of appellant.

See the preceding case.